EMERSON–BRANTINGHAM IMPLEMENT CO. v. HICKMAN. (No. 7815.)

(Court of Civil Appeals of Texas. Dallas. Nov. 3, 1917.)

LIMITATION OF ACTIONS ⊘═149(4)—ACKNOWLEDGMENT OF DEBT.

A debtor wrote his creditor in effect that he could not pay, but that his brother had agreed to let him have enough stock in a waterworks company to pay the creditor, or to give it $300 stock in the company, stating that if he, the debtor, did not get the deal through, he would have to go to the bankruptcy court for relief, etc. *Held*, that such letter renewed the debt, and prevented a bar by the running of four-year limitation.

Appeal from Dallas County Court; T. A. Werk, Judge.

Suit by the Emerson-Brantingham Implement Company against Frank Hickman. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Spence & Haven and W. J. Rutledge, both of Dallas, for appellant.

RAINEY, C. J. This suit was brought by appellant, a corporation, in the county court to recover on two notes for $500 each, with interest, less credits, against appellee. Appellant alleged that on the 19th day of Sep-

tember, 1913, appellee, by letter of that date, acknowledged the debt was just and due, and promised to pay the same and "here now declares upon this new promise." Appellee answered, among other things, the bar of four-year limitation. The evidence was heard on the question of limitation, and on this issue alone the court instructed a verdict for appellee, and judgment was so rendered.

The record shows that the two notes were executed by Frank Hickman, each on May 2, 1910, one payable October 15, 1910, and the other payable November 15, 1910. Appellant also offered in evidence the following letter, viz:

"Bronte, Texas, Sept. 19–1913.

"Emerson-Brondorff Co., Dallas, Gentlemen: I promis to writ you last of the month and will say I not in position to pay you, but my Bro. Will Hickman has agreed to let me have enught stock in Bronte Water Works Co. to pay you, or to give you $300.00 stock in the Water Works Co. Stock is full paid and non assessible. Incorporated for $16,000. Now if this appeal to you let me no and I go in detail and tell you boutt the Water Works Co. all no. If I don't get deal like this through will haf to go to the Bankruptsy Court for releaf. But I don't want to do that for I no this would not pay and if I can get something to let you have so you can get your money in few years with interest, Will beat the if a man owe a debt he still owed it after he get through the Bankruptsy Court.

"So let me no by return mail.

"I am you truly,        Frank Hickman.

"P. S. This is all I can do."

Appellant only files briefs, contending that the letter written by Frank Hickman renewed the debt and prevented a bar by the running of four-year limitation.

Among the authorities cited is the case of Howard v. Windom, 86 Tex. 560, 26 S. W. 483, which sustains appellant's contention, and is decisive of this case. That case is a full and exhaustive discussion of the point at issue here, and we deem it unnecessary to discuss this point further, but content ourselves with reference to the Howard v. Windom Case, supra, in support of our action in reversing the judgment and remanding the cause in this case; and it is so ordered.

Reversed and remanded.